WILLIAM E. MILTON, ET AL., *v.* C. W. CASTLEMAN, ET AL.

**Practice—Negligence.**

A party to a cause who neglects to attend and look after his interests cannot, in the absence of fraud or statements of his adversary misleading him, complain that his cause was submitted and disposed of in his absence.

APPEAL FROM FAYETTE CIRCUIT COURT.

December 14, 1874.

OPINION BY JUDGE LINDSAY:

The evidence in this cause does not show that C. W. Castleman was at any time the agent, in a legal sense, of the appellants, or of any of them. That he voluntarily assumed the management of the litigation attending the contest over the two papers left by A. B. Taylor, which purported to be his last will, is perfectly clear, and that he manifested great interest and industry in preparing the case and in superintending the trials in court, cannot be doubted. As his wife was one of the parties in interest, these facts do not necessarily conduce to prove that he was the agent of the Miltons. He could not look after his own and his wife's interests without also, to some extent, acting for them. He corresponded with them freely, as it was natural that he should, in view of the fact that they were engaged in a common cause, but there is no statement or admission in his letters, from which we can determine that he was reporting to them as agent. In no instance did he ask them for advice or instruction. He upbraided some of them for their want of attention to the contest, and insisted that they should take steps to induce their own attorneys to manifest more interest in, and give more attention to the litigation.

We are of opinion that the Miltons left the management of the contest to Castleman, because he was living in Fayette county, and because they had confidence in his zeal and industry, and not on

account of any contract of agency with him, either express or implied. It is manifest that after the year 1861, the interest of all the parties to the contest having abated, the case seems to have lingered on the docket for about eight years. It might well have been dismissed for want of prosecution.

During all this time, nothing is heard from the appellants, except on one occasion, when they claim that they made inquiry of Kinkead and Castleman as to the probability of a compromise. Long anterior to this, Castleman and his wife had relinquished all their claim to the Taylor estate to their children. They had the legal right, so far as the Miltons were concerned, to purchase from White and wife. Neither of them were bound in law or in good morals to notify the Miltons that they were about to so purchase. Nor were they under obligations to prosecute for them the contest in the circuit court. Appellants had long since virtually abandoned it. It seems that the Miltons had no counsel present when the contest was finally determined. This was not the fault of Castleman. It was certain that they did not entrust to him the duty of employing counsel to represent them. The proof shows that they selected and employed their own attorneys.

It is not shown that Castleman did or said anything to mislead the Miltons or their attorneys, as to the trial of the contest. The case was called in open court, was postponed and finally submitted to a jury. Appellants or their counsel might have been present if they had so chosen. Their absence was not brought about by the fraud of Castleman. It was the result of negligence or want of interest in the matter in controversy. To allow them now to show the profits of the purchase made by Mrs. Castleman, and not to compel the party reaping the benefit of a breach of duty by an agent to surrender to a principal whose interests had been betrayed, would be to reward gross negligence.

The judgment of the chancellor must be *affirmed*.

*Breckenridge & Buckner, for appellants.*
*Huston & Mulligan, for appellees.*